## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICRON TECHNOLOGY, INC. and MICRON
SEMICONDUCTOR PRODUCTS, INC.,

      *Plaintiffs*,

      v.

NETLIST, INC.,

      *Defendant*.

C.A. No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiffs Micron Technology, Inc. ("MTI") and Micron Semiconductor Products, Inc. ("MSP") (collectively, "Micron") seek a declaration that Micron does not directly or indirectly infringe United States Patent No. 12,646,537 (the "'537 patent"), either literally or under the doctrine of equivalents, as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

2. This action arises out of Netlist's threatened assertions of patents against Micron. Specifically, Netlist accused Micron of infringing U.S. Patent Nos. 8,787,060 ("the '060 patent") and 9,318,160 ("the '160 patent") in *Netlist, Inc. v. Micron Technology, Inc., et al*., No. 22-cv-00203-JRG-RSP (E.D. Tex.). The U.S. Patent and Trademark Office ("Patent Office") later invalidated, in *inter partes* reviews, all claims of these two patents in IPR2022-01427, IPR2022-01428, IPR2023-00883, and IPR2023-00882. Netlist further accused Micron of infringing U.S.

Patent No. 12,308,087 ("the '087 patent") in *Netlist, Inc. v. Micron Technology, Inc., et al.*, No. 25-cv-00558-JRG-RSP (E.D. Tex.). The Patent Office later instituted a post-grant review ("PGR") challenge to the '087 patent claims in PGR2025-00071.

3.    Netlist, Inc. ("Netlist") recently obtained a continuation patent—the '537 patent—from the same patent family as the '060, '160, and '087 patents.

4.    Micron seeks a declaratory judgment that it does not infringe the '537 patent.

## THE PARTIES

5.    Micron Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

6.    Micron Semiconductor Products, Inc. is a corporation organized and existing under the laws of the State of Idaho, with its principal place of business at 8000 S. Federal Way, Boise, Idaho, 83716.

7.    Netlist, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 111 Academy Drive, Suite 100, Irvine, California, 92617.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over the claim for declaratory judgment of non-infringement under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

9.    This Court has personal jurisdiction over Netlist, Inc., a corporation organized and existing under the laws of the State of Delaware.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b)–(c) because Netlist is subject to personal jurisdiction in this District.

11.     An immediate, real, and justiciable controversy exists between Micron and Netlist as to whether Micron has infringed the '537 patent.

12.     Netlist has alleged that Micron has infringed related patents, including the '060, '160, and '087 patents.

13.     For example, Netlist has harassed Micron for years with unsupported allegations that Micron's High Bandwidth Memory ("HBM") products infringe the related '060, '160, and '087 patents demanding that Micron take a license, despite knowing that the Patent Office has determined that the claims in the '060 and '160 patents are invalid (see IPR2022-01428, IPR2023-00882, IPR2022-01427, and IPR2023-00883) and instituted a PGR challenge with respect to the '087 patent (*see* PGR2025-00071).

14.     Because this action presents an actual controversy with respect to the '537 patent, the Court may grant declaratory relief sought pursuant to 28 U.S.C. § 2201 *et seq.*

## BACKGROUND

### A.     Netlist's Prior Patent Infringement Lawsuits Against Micron

15.     Netlist has pursued a litigation campaign against Micron and other suppliers of JEDEC standard-compliant memory modules for the past several years. Netlist has alleged infringement of multiple patents, including patents related to the '537 patent, based on the practice of JEDEC memory standards.

16.     On June 10, 2022, Netlist filed a complaint in the Eastern District of Texas against MTI, MSP and Micron Technology Texas, LLC ("MTT"), alleging that MTI, MSP, and MTT infringed upon six Netlist patents, including the '060 and '160 patents. *Netlist, Inc. v. Micron Technology, Inc., et al.*, No. 22-cv-00203 (E.D. Tex.) ("the EDTX-203 Case").

17.     On April 12, 2023, Samsung Electronics, Co., Ltd. filed a petition for *Inter Partes* Review of the '060 and '160 patents. IPR2022-01428, IPR2022-01427. Micron joined these IPR proceedings. IPR2023-00882, IPR2023-00883.

18.     On February 10, 2024, a court in the Eastern District of Texas issued an order staying the EDTX-203 Case pending resolution of the IPR proceedings against the '060 and '160 patents. Subsequently, on April 1, 2024, the Patent Office issued final written decisions finding all challenged claims of the '060 and '160 patents unpatentable.

19.     On May 19, 2025, Netlist filed a complaint against MTI, MSP, and MTT in the Eastern District of Texas alleging that MTI, MSP, and MTT HBM products infringed upon two Netlist patents, including the '087 patent, a patent in the '060 and '160 patents' family. *Netlist, Inc. v. Micron Technology, Inc., et al.*, No. 25-cv-00558 (E.D. Tex.) ("the EDTX-558 Case").

20.     On August 25, 2025, Samsung Electronics, Co., Ltd. filed a petition for Post Grant Review of the '087 patent. PGR2025-00071. On February 18, 2026, the Patent Office instituted a post-grant review.

21.     On March 6, 2026, a court in the Eastern District of Texas dismissed Micron (and the EDTX-558 Case) from the consolidated EDTX-557 Case and ordered the case transferred to the District of Delaware where it now pends as *Netlist Inc. v. Micron Technology, Inc.*, C.A. No. 26-246-JLH (D. Del.) ("the DDEL-246 Case").

**B.      Netlist's Prosecution and Assertion of the '537 Patent**

22.     On May 19, 2025, Netlist filed U.S. Patent Application No. 19/212,638 ("the '638 application"), which is a continuation of the applications that ultimately issued as the '060, '160, and '087 patents.  Netlist filed a complaint in the Eastern District of Texas alleging that the '638

application issued as the '537 patent on June 2, 2026.  *See* Exhibit A (*Netlist, Inc. v. Samsung Electronics Co., Ltd.*, E.D. Texas Case No. 2:26-cv-441 at ¶¶ 17 and 57).[1]

23.    Netlist has repeatedly asserted patents from the '537 patent's family against Micron, including the '060 and '160 patents in the EDTX-203 Case and the '087 patent in the EDTX-558 Case.

24.    For at least the reasons explained in Count I, Micron's HBM products do not infringe any claims of the '537 patent.

<u>**COUNT I**</u>
<u>**(Declaration of Non-Infringement of the '537 Patent)**</u>

25.    Micron restates and incorporates by reference the preceding paragraphs as if fully set forth herein.

26.    The Patent Office issued the '537 patent on June 2, 2026. Netlist is the assignee for the '537 patent and thus has a purported ownership interest in the '537 patent.

27.    The '537 patent claim 1 reads as follows[2]:

| Element | Claim Language |
| --- | --- |
| 1.pre | A dynamic random access memory (DRAM) package, comprising: |
| 1.a | an interface including terminals; |
| 1.b | stacked DRAM dies, including a first plurality of DRAM dies and a second plurality of DRAM dies; |
| 1.c | a control die coupled between the stacked DRAM dies and the interface; and |
| 1.d | die interconnects, each of the die interconnects including through silicon vias (TSVs) through at least some of the stacked DRAM dies; |
| 1.e | wherein: the DRAM package is configured to receive/output data signals via the interface in response to command/address (C/A) signals received via the interface; |

---

[1] The '537 patent is not publicly available. Micron will file a copy of the '537 patent once it becomes publicly available.

[2] Exhibit A at ¶ 18.

| 1.f | each DRAM die of the stacked DRAM dies includes C/A ports and data ports, and is configurable to receive/output data signals via the data ports in response to C/A signals received via the C/A ports; |
|-----|-----|
| 1.g | the die interconnects include first die interconnects, the first die interconnects include first C/A interconnects and first data interconnects, the first C/A interconnects are configured to conduct C/A signals from the control die to the first plurality of DRAM dies and the first data interconnects are configured to conduct data signals between the control die and the first plurality of DRAM dies; |
| 1.h | the die interconnects further include second die interconnects, the second die interconnects include second C/A interconnects and second data interconnects, the second C/A interconnects are configured to conduct C/A signals from the control die to the second plurality of DRAM dies, and the second data interconnects are configured to conduct data signals between the control die and the second plurality of DRAM dies; |
| 1.i | the first plurality of DRAM dies are configured to not receive or output any signals via any of the second die interconnects; |
| 1.j | the second plurality of DRAM dies are configured to not receive or output any signals via any of the first die interconnects; |
| 1.k | the control die includes signal conduits, and each signal conduit is coupled between a die interconnect of the die interconnects and a terminal of the terminals; |
| 1.l | the signal conduits include first data conduits coupled to respective die interconnects of the first data interconnects, and second data conduits coupled to respective die interconnects of the second data interconnects; |
| 1.m | the first data conduits and the second data conduits are configurable to concurrently drive respective data signals to respective die interconnects of the first data interconnects and the second data interconnects; |
| 1.n | the signal conduits further include first C/A conduits coupled to respective die interconnects of the first C/A interconnects, and second C/A conduits coupled to respective die interconnects of the second C/A interconnects; and |
| 1.o | the first C/A conduits and the second C/A conduits are configurable to concurrently drive respective C/A signals to respective die interconnects of the first C/A interconnects and the second C/A interconnects |

28.    Micron has not directly or indirectly infringed any claim of the '537 patent, either literally or under the doctrine of equivalents, at least because the Micron HBM products do not employ, incorporate, or otherwise make use of, all of the limitations of the claim of the '537 patent.

29.    For example, claim 1 of the '537 patent requires "die interconnects [that] include first die interconnects, the first die interconnects include first C/A interconnects and first data interconnects, the first C/A interconnects are configured to conduct C/A signals from the control

die to [a] first plurality of DRAM dies and the first data interconnects are configured to conduct data signals between the control die and the first plurality of DRAM dies; the die interconnects further include second die interconnects, the second die interconnects include second C/A interconnects and second data interconnects, the second C/A interconnects are configured to conduct C/A signals from the control die to [a] second plurality of DRAM dies, and the second data interconnects are configured to conduct data signals between the control die and the second plurality of DRAM dies; the first plurality of DRAM dies are configured to not receive or output any signals via any of the second die interconnects; the second plurality of DRAM dies are configured to not receive or output any signals via any of the first die interconnects." Micron's HBM products do not satisfy these claim elements.

30.    Micron, its customers, and its end users are not liable for infringement of the '537 patent for any HBM products made, imported, or sold by Micron.

31.    A substantial, immediate, and real controversy exists between Micron and Netlist regarding whether Micron or its customers or end users infringe the '537 patent by making, using, selling, and/or offering for sale the Micron HBM products in the United States, or by importing the Micron HBM products into the United States. A judicial declaration is necessary to determine the parties' respective rights regarding the '537 patent.

32.    Micron seeks a judgment declaring that Micron and its customers and end users do not infringe the '537 patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale the Micron HBM products in the United States, or by importing the Micron HBM products into the United States, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. § 271(b)–(c).

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 and D. Del. LR 38.1, Micron demands a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Microns prays for judgment and relief as follows:

(a)     Declare that Micron does not directly or indirectly infringe the '537 patent, either literally or under the doctrine of equivalents, and that it is not liable for damages or injunctive relief based on any claim in the '537 patent;

(b)     Declare that Netlist is barred from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end-users in any jurisdiction with respect to any alleged infringement of the '537 patent;

(c)     Enjoin Netlist from seeking and/or enforcing injunctive relief against Micron (including its affiliates) or its direct or indirect customers and end users in any jurisdiction with respect to any alleged infringement of the '537 patent;

(d)     Declare that judgment be entered in favor of Micron and against Netlist on each of Micron's claims;

(e)     Find that this is an exceptional case under 35 U.S.C. § 285 and award Micron its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. §285 and all other applicable statutes and rules in common law that would be appropriate, with pre- and post-judgment interest thereon;

(f)     Award Micron its costs and attorneys' fees in connection with this action;

(g)     Award Micron pre-judgment and post-judgment interest; and

(h)     Such further and additional relief as the Court deems just and proper.

Dated: June 2, 2026

*Of counsel:*

Natalie Arbaugh
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600
NArbaugh@kslaw.com

Michael R. Rueckheim
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
(415) 318-1200
MRueckheim@kslaw.com

Ryuk Park
KING & SPALDING LLP
245 Lytton Avenue, Suite 150
Palo Alto, CA 94301
(650) 422-6700
RPark@kslaw.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants Micron*
*Technology, Inc. and Micron*
*Semiconductor Products, Inc.*